| | DATE FILED: October 1, 2013 4:41 PM<br>FILING ID: 16BCD1DC1F807 |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO**<br>1437 Bannock Street, Room 256<br>Denver, CO 80202<br>Telephone: (720) 865-8301 | ▲COURT USE ONLY▲ |
| **Plaintiffs**: WELDESAMUEL GEBREMEDHIN, an individual; TERHAS DESTA, an individual; and ABRHAM GIDAY, a minor, by and through his guardians and natural parents, WELDESAMUEL GEBREMEDHIN and TERHAS DESTA,<br>**v.**<br>**Defendant**: AMERICAN FAMILY MUTUAL INSURANCE COMPANY. | **Case Number:**<br><br>**Division:** |
| *Attorneys for Plaintiffs*:<br>Steven A. Shapiro, Reg. No. 12928<br>Amanda R. Pfeil, Reg. No. 41287<br>Fleishman & Shapiro P.C.<br>2000 South Colorado Blvd.<br>Tower One, Suite 9000<br>Denver, CO 80222<br>Telephone: (303) 861-1000<br>Facsimile: (303) 894-0857<br>E-Mail: sshapiro@colorado-law.net<br>           apfeil@colorado-law.net<br><br>Bradley A. Levin, Reg. No. 13095<br>Jeremy A. Sitcoff, Reg. No. 29393<br>Nelson A. Waneka, Reg. No. 42913<br>ROBERTS LEVIN ROSENBERG PC<br>1512 Larimer Street, Suite 650<br>Denver, Colorado  80202<br>Telephone: (303) 575-9390<br>Facsimile: (303) 575-9385<br>E-Mail: bal@robertslevin.com<br>           jas@robertslevin.com<br>           naw@robertslevin.com | |
| **COMPLAINT AND JURY DEMAND** | |

***Appendix A-2***

Plaintiffs, Weldesamuel Gebremedhin, Terhas Desta, and Abrham Giday, by and through their attorneys, Steven A. Shapiro and Amanda R. Pfeil of Fleishman & Shapiro P.C., and Bradley A. Levin, Jeremy A. Sitcoff, and Nelson A. Waneka of ROBERTS LEVIN ROSENBERG PC, for their Complaint and Jury Demand against Defendant, American Family Mutual Insurance Company, state and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiffs, Weldesamuel Gebremedhin, Terhas Desta, and Abrham Giday (the "Giday Plaintiffs"), are residents of Arapahoe County, Colorado.

2. Plaintiffs, Weldesamuel Gebremedhin and Terhas Desta, are the natural parents of Plaintiff, Abrham Giday, a minor.

3. Defendant, American Family Mutual Insurance Company ("American Family"), is a Wisconsin corporation with its principal place of business located in the State of Wisconsin. American Family holds a valid certificate of authority to transact insurance business in the State of Colorado.

4. This Court has jurisdiction over the subject matter of this action.

5. Pursuant to C.R.C.P. 98(c), venue is proper in this County, which Plaintiff designates as the place of trial of this action.

## GENERAL ALLEGATIONS

6. The genesis of this lawsuit stems from American Family's refusal to defend and indemnify their insureds, Veronica Turner and Glenn Turner (the "Turners"), against claims filed by the Giday Plaintiffs in a case styled *Weldesamuel Giday Gebremedhin, et al. v. Veronica L. Turner and Glenn Turner*, District Court for El Paso County, Colorado, Case No. 2011CV2500 (the "Underlying Lawsuit").

7. The Underlying Lawsuit arose out of incidents in which Abrham Giday, who was five weeks old at the time, sustained severe injuries while he was temporarily in foster care with the Turners.

8. In the Underlying Lawsuit, the Giday Plaintiffs alleged, *inter alia*, that (1) on April 24, 2009, Abrham was placed in foster care with the Turners due to a misdiagnosed skull fracture; (2) on April 29, 2009, it was determined that Abrham never in fact had a skull fracture or any other injury and, accordingly, a court ordered that he be returned to his parents the next day; (3) in the early morning of April 30, 2009, while still in the Turners' care, Abrham vomited, stopped breathing, went limp, and became unresponsive; (4) Mrs. Turner either blew in Abrham's face or performed CPR and he began breathing again; (5) several hours later, Mrs. Turner took Abrham to an urgent care facility where a physician told her to immediately take

Abrham to the nearest emergency room; (6) Mrs. Turner did not take Abrham to the emergency room, and he began exhibiting seizure activity; and (7) after Abrham was returned to his parents that evening, he began twitching and shaking and was transported to the hospital via ambulance where he was treated for a severe traumatic brain injury and other injuries.

9. In the Underlying Lawsuit, the Giday Plaintiffs asserted claims against the Turners for negligence and *res ipsa loquiter* for causing Abrham's injuries and damages. The Giday Plaintiffs also asserted claims against Special Kids Special Families ("SKSF"), a non-profit corporation, which had allegedly trained, employed, and certified the Turners as foster parents.

10. At the time of the acts alleged in the Underlying Lawsuit, the Turners were named insureds under a Colorado Homeowners Policy – Gold Star Special Deluxe Form issued by American Family, Policy No. 05-PB3893-01, with a policy period of February 20, 2009, to February 20, 2010 (the "Policy"). The Policy had personal liability limits of $500,000.

11. The Turners tendered the Underlying Lawsuit to American Family and sought a defense and indemnification for the claims asserted against them by the Giday Plaintiffs.

12. On July 10, 2012, the parties in the Underlying Lawsuit attended a mediation. Despite having been invited, American Family refused to attend.

13. Shortly after the mediation, the Giday Plaintiffs resolved their claims against SKSF, but their claims against the Turners remained.

14. On October 12, 2012, American Family advised the Turners that it would not provide them with a defense or indemnification under the Policy for the claims asserted by the Giday Plaintiffs in the Underlying Lawsuit.

15. By letter dated November 29, 2012, American Family was apprised that the Giday Plaintiffs were willing to resolve their claims against the Turners in exchange for payment of the Policy's $500,000 liability limits within 21 days. American Family was further advised that if the offer was not accepted, the Giday Plaintiffs would pursue a judgment greatly exceeding the Policy limits.

16. After receiving the November 29, 2012 letter, American Family refused to offer any settlement monies and maintained its denial of a defense and indemnity with respect to the Underlying Lawsuit.

17. As a result of American Family's failure to act in a manner consistent with the Turners' best interests, the Turners were deprived of a defense in the Underlying Lawsuit and were exposed to a judgment greatly in excess of the Policy's liability limits. Eventually, the court in the Underlying Lawsuit entered a default judgment against the Turners.

18. The Turners entered into an agreement with the Giday Plaintiffs pursuant to the Colorado Supreme Court's decision in *Nunn v. Mid-Century Ins. Co.*, 244 P.3d 116 (Colo. 2010), in order to protect themselves from the harm and damages caused by American Family's failure to provide a defense and coverage.

19. Under the terms of the settlement, the parties agreed that judgment would enter in the Underlying Lawsuit in favor of the Giday Plaintiffs in an amount to be determined at a subsequent hearing before a neutral arbitrator. Furthermore, the Turners assigned to the Giday Plaintiffs their rights, title, and interest in their claims against American Family for collection of the judgment entered against them in the Underlying Lawsuit, including their rights to prosecute those claims in a civil action and keep the proceeds of those claims.

20. On May 23, 2013, an arbitration hearing was held before the Honorable Steve Briggs of Judicial Arbiter Group, Inc. American Family was notified of the hearing but did not attend.

21. On July 2, 2013, a binding arbitration award was entered against the Turners and in favor of the Giday Plaintiffs in the amount of $14,533,606.86, inclusive of all interest then accrued.

22. On August 30, 2013, the court in the Underlying Lawsuit entered judgment against the Turners and in favor of the Giday Plaintiffs in the amount of $12,583,543.34, which reflected a deduction against the arbitration award for amounts previously received in settlement from SKSF.

## **FIRST CLAIM FOR RELIEF**
**(Breach of Contract)**

23. The Giday Plaintiffs reallege each and every allegation of this Complaint as if fully set forth herein.

24. The Policy issued to the Turners constitutes a contract of insurance.

25. American Family owed duties to the Turners under the Policy to investigate, adjust, defend, and ultimately indemnify the claims asserted by the Giday Plaintiffs against the Turners in the Underlying Lawsuit.

26. All conditions to the Turners' obligations under the Policy were fulfilled and/or waived or excused by the words or conduct of American Family.

27. The actions by American Family, as described above, constitute breach of the insurance contract.

28. As a direct and proximate result of American Family's breach of the insurance contract, the Giday Plaintiffs are entitled to damages in an amount to be proved at trial.

## **SECOND CLAIM FOR RELIEF**
### (Bad Faith Breach of Insurance Contract)

29. The Giday Plaintiffs reallege each and every allegation of this Complaint as if fully set forth herein.

30. American Family owed duties to the Turners under the Policy's implied covenant of good faith and fair dealing, wherein American Family covenanted that it would deal with the Turners fairly and honestly, and do nothing to impair, hinder, or potentially injure their rights to receive the benefits available under the Policy.

31. American Family's conduct falls below the applicable statutory and common law standards of care, violates the duties of good faith and fair dealing, and constitutes the tort of bad faith breach of insurance contract.

32. American Family's actions were unreasonable and committed in disregard of the Turners' reasonable expectations as insureds.

33. American Family breached its duty of good faith and fair dealing by its actions, which include, without limitation, the following unreasonable acts:

   a. Its depriving the Turners of the benefits and protections of the contract of insurance;

   b. Its failure to defend the Turners in the Underlying Lawsuit;

   c. Its failure to settle the claims against the Turners in the Underlying Lawsuit within the limits of the Policy;

   d. Its exposing the Turners to a large adverse judgment in excess of the limits of the Policy;

   e. Its failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the Policy;

   f. Its failing to conduct a prompt and reasonable investigation into the Underlying Lawsuit;

   g. Its failing to evaluate liability and damage issues and the exposure presented by the Underlying Lawsuit;

   h. Its preferring its interest above those of its insureds; and

   i. Other conduct to be revealed in discovery.

5

34. As a direct and proximate result of American Family's bad faith breach of the insurance contract, the Giday Plaintiffs are entitled to damages in amounts to be proved at trial.

WHEREFORE, Plaintiffs, Weldesamuel Gebremedhin, Terhas Desta, and Abrham Giday pray that judgment be entered in their favor and against Defendant, American Family Mutual Insurance Company, as follows:

A. For compensatory damage in amounts to be proved at trial, including, but not limited to, satisfaction of the judgment entered in the Underlying Lawsuit;

B. For all pre- and post-judgment interest permitted by law; and

C. For such other and further relief as this Court deems just and proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Date: October 1, 2013

FLEISHMAN & SHAPIRO P.C.

s/ *Steven A. Shapiro*
Steven A. Shapiro
Amanda R. Pfeil

ROBERTS LEVIN ROSENBERG PC

s/ *Bradley A. Levin*
Bradley A. Levin
Jeremy A. Sitcoff
Nelson A. Waneka

**ATTORNEYS FOR PLAINTIFFS**

Plaintiffs' Address:
1414 South Lima Street
Aurora, CO 80012