IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 13-cv-02813-CMA-BNB

WELDESAMUEL GEBREMEDHIN, an individual;
TERHAS DESTA, an individual; and
ABRHAM GIDAY, a minor, by and through his guardians and natural parents,
WELDESAMUEL GEBREMEDHIN and
TERHAS DESTA,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY

    Defendant / Third Party Plaintiff,

GLENN TURNER, an individual;
VERONICA TURNER, an individual;
SPECIAL KIDS SPECIAL FAMILIES, INC., a Colorado corporation;
GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation;
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a Pennsylvania corporation

    Third Party Defendants

---

## [PROPOSED] STIPULATED PROTECTIVE ORDER

---

    Each Party and each Counsel of Record stipulates and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined).  **Good cause having been shown, IT IS ORDERED:** and, as grounds therefor, state as follows:

    1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below).  The Parties also anticipate seeking additional

Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. ~~The Parties have entered into this Stipulation and request the Court enter the within Protective Order~~ **This Protective Order is entered** for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. Information designated as "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom—not made available to the public—and designated by one of the Parties in the manner provided in paragraph 4 below as containing:

   a. The proprietary, confidential, competitively sensitive and/or trade secret information of a party and/or its related entities; or

   b. Any individual's common law or statutory privacy interests.

3. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within meaning of this term.

4. Documents are designated as Confidential Information by:

   a. Imprinting the word "Confidential" on the first page or cover of any document produced and in a manner that will not interfere with their legibility;

   b. Imprinting the word "Confidential" next to or above any response to a discovery request; and

      c. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten (10) calendar days after receipt of the transcribed testimony.

5. ~~Documents designated as Confidential Information shall be documented in the privilege log of the designating party with sufficient explanation of the document to substantiate the basis of the invoked protection.~~

6. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

      b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

7. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

8. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

9. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons whom such Confidential Information is disclosed and shall obtain and retain the original affidavits

signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

10. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 9 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above.

12. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as Confidential and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription in accordance with paragraph 4(c) above.

13. **A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information**

4

**should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.**

14. ~~A party may object to the designation of particular Confidential information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  Notifying counsel and the designating counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute.  If after such good faith attempts, counsel are unable to resolve the dispute, opposing counsel may move for a disclosure order consistent with this Order.  Any motion for disclosure shall be filed within fourteen (14) days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.~~

15. <u>Use of Confidential Information in Court Proceedings</u>:  ~~In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its Confidential Information status as~~

between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the document under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.Colo.L.Civ.R 7.2 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978) (applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v.* Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

16. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

17. Upon termination of this litigation, including appeals, and unless other arrangements are agreed upon mutually by the parties, each document and all copies thereof which have been designated as Confidential shall be returned to the party that designated it Confidential. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 9 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

18. This Protective Order also governs the use of videotaped depositions obtained during this litigation. The parties and their counsel to this case are prohibited from publicly disseminating any **portion of a** deposition videotape **designated as Confidential** obtained by any party during this case or otherwise use such **Confidential portions of a** videotape deposition or depositions for any purpose outside of this litigation except by further Order of Court.

19. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

20. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

21. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED August 5, 2014, at Denver, Colorado.

                                                      BY THE COURT:

                                                     s/ Boyd N. Boland
                                                     United States Magistrate Judge

STIPULATED AND AGREED TO BY:

| | |
|---|---|
| *s/Jeremy A. Sitcoff* | *s/ Kathleen Chaney* |
| Bradley A. Levin | L. Kathleen Chaney |
| Jeremy A. Sitcoff | Jerad A. West |

| | |
|---|---|
| Nelson A. Waneka<br>ROBERTS LEVIN ROSENBERG PC<br>1512 Larimer Street, Ste. 650<br>Denver, CO 80202<br>Phone:  (303) 575-9390<br>Fax:  (303) 575-9385<br>bal@robertslevin.com<br>jas@robertslevin.com<br>naw@robertslevin.com | LAMBDIN & CHANEY, LLP<br>4949 S. Syracuse St., Suite 600<br>Denver, CO 80237<br>Phone:  (303) 799-8889<br>Fax:  (303) 799-3700<br>kchaney@lclaw.net<br>jwest@lclaw.net |
| *s/Steven Shapiro*<br>Steven Shapiro<br>Amanda Pfeil<br>Fleishman & Shapiro P.C.<br>2000 S. Colorado Blvd<br>Tower One, Suite 9000<br>Denver, CO 80222<br>Tel: (303) 861-1000<br>Fax: (303) 894-0857<br>sshapiro@colorad-law.net<br>apfeil@colorado-law.net | |
| *s/Nicole Marie Black*<br>Lisa F. Mickley<br>Nicole Marie Black<br>Hall & Evans, LLC<br>1001 Seventeenth Street, Suite 300<br>Denver, Colorado 80202<br>(303) 628-3300<br>mickleyl@hallevans.com<br>blackn@hallevans.com | *s/Kathleen M. Byrne*<br>Michael L. Hutchinson<br>Kathleen M. Byrne<br>Treece Alfrey Musat P.C.<br>999 18th Street, Suite 1600<br>Denver, CO 80202<br>Telephone: 303-292-2700<br>hutch@tamlegal.com<br>kbyrne@tamlegal.com |

## EXHIBIT A

## **AFFIDAVIT**

STATE OF COLORADO        )

                                               )

COUNTY OF _____    )


[Name] swears or affirms and states under penalty of perjury:

    1.    I have read the Protective Order in **, a copy of which is attached to this Affidavit.

    2.    I have been informed by **, Esq., counsel for **, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

    3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

    4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

    5.    I will abide by the terms of the Protective Order.

                                                        (Signature)

                                                        (Print or Type Name)

                                                        Address:

Telephone: (___) _____

10