IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02813-CMA-BNB

WELDESAMUEL GEBREMEDHIN, an individual,
TERHAS DESTA, an individual, and
ABRHAM GIDAY, an minor, by and through his guardians and natural parents, Weldesamuel Gebremedhim and Terhas Desta,

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant and Third Party Plaintiff,

v.

GLENN TURNER, an individual,
VERONICA TURNER, an individual,
SPECIAL KIDS SPECIAL FAMILIES, INC., a Colorado corporation,
GRANITE STATE INSURANCE COMPANY, a Pennsylvania corporation, and
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, a Pennsylvania corporation,

Third Party Defendants.

_____

**ORDER**
_____

This matter arises on **Third-Party Defendants National Union Fire Insurance Company of Pittsburgh's and Granite State Insurance Company's Motion for Protective Order or in the Alternative Motion for *In Camera* Review** [Doc. # 115, filed 9/15/2014] (the "Motion for Protective Order"). I held a hearing on the Motion for Protective Order this morning and made rulings on the record, which are incorporated here.

The Motion for Protective Order asserts two grounds for protection: (1) American Family has failed to state a claim for relief against National Union and Granite State, and National Union and Granite State should not be subjected to discovery until it is determined that there is "a viable claim . . . to support discovery," Motion for Protective Order [Doc. # 115] at p. 3; and (2) some of the requested discovery is protected from disclosure by the attorney-client privilege and/or the work product immunity.

On the first basis, I will not stay discovery pending the determination of the pending motions to dismiss, for the reasons stated on the record. The Motion for Protective Order is DENIED insofar as it seeks protection for that reason.

On the second basis, I find that there has been an inadequate conferral under D.C.COLO.LCivR 7.1(a) and that the briefing is not sufficiently specific to warrant an order granting protection at this time. The parties are directed to meaningfully confer on the privilege/immunity issue; attempt to reach a resolution; narrow the issues to the degree possible; and, if necessary, file a new motion for protective order or to compel discovery which addresses the issue specifically on a document-by-document or topic-by-topic basis.

IT IS ORDERED the Motion for Protective Order [Doc. # 115] is:

(1)     DENIED insofar as it is based on the theory that National Union and Granite State should not be subjected to discovery until it is determined that there is a viable claim to support discovery; and

(2)     DENIED WITHOUT PREJUDICE insofar as it is based on the attorney-client privilege and/or the work product immunity.

Dated October 27, 2014.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge