**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 13-cv-02813-CMA-BNB

WELDESAMUEL GEBREMEDHIN, an individual,
TERHAS DESTA, an individual,
ABRHAM GIDAY, a minor, by and through his guardians and natural parents,
Weldesamuel Gebremedhin and Terhas Desta,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Defendant's Motion for Reconsideration. (Doc. # 184.) Because Defendant has not shown clear error or manifest injustice warranting reconsideration, the motion is denied.

## I.   BACKGROUND

The facts and background of this case are set forth in detail in *Gebremedhin et al v. American Family Mutual Insurance Company*, No. 13-cv-02813-CMA-NYW. On March 31, 2015, this Court granted three motions to dismiss filed by Third-Party Defendants Glenn Turner, Veronica Turner, Special Kids Special Families, Inc. (SKSF), Granite State Insurance Company (GSIU), and National Union Fire Insurance Company of Pittsburgh (NUFIC). (Doc. # 177.) On April 14, 2015, Defendant filed a Motion for Reconsideration of the order, specifically requesting a reversal of the dismissal of Third-

Party Defendants GSIU and NUFIC. (Doc. # 184.) On May 5, 2015, GSIU and NUFIC filed a response. (Doc. # 195.) Defendant filed a reply on May 21, 2015. (Doc. # 197.)

## II. DISCUSSION

Defendant seeks reconsideration of the dismissal of its third-party complaint against GSIU and NUFIC. (Doc. # 184.) The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration. However, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). While the Court has discretion to reconsider an interlocutory order, the grounds warranting reconsideration are limited and occur only in "exceptional situation[s]." *Proctor & Gamble v. Haugen*, 222 F.3d 1262, 1271 (10th Cir. 2000). "Absent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds warranting a motion to reconsider include "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* A motion for reconsideration is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver*, 952 F.2d at 1243.

Defendant contends this Court "made several clear errors of law and misapprehended several facts" in its order dismissing the third-party complaint against

GSIU and NUFIC. (Doc. # 184.) As an initial matter, this Court notes Defendant's prayer for reconsideration inappropriately revisits issues that have already been addressed and advances arguments that could have been — and in many cases were — raised in prior briefing. To the extent that Defendant produces any new evidence, there is certainly no indication that it was previously unavailable.

Still, this Court has conducted a comprehensive review of the record, including an examination of the third-party complaint, the underlying motion to dismiss, the order dismissing the third-party complaint, the Defendant's motion for reconsideration, and all relevant pleadings. This Court concludes Defendant, in merely reiterating arguments already considered by this court, failed to meet its extraordinary burden of demonstrating clear error.

Accordingly, it is hereby ORDERED that Defendant's Motion for Reconsideration (Doc. # 184) is DENIED.

DATED: February 5, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge