IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02813-CMA-BNB

WELDESAMUEL GEBREMEDHIN, an individual,
TERHAS DESTA, an individual,
ABRHAM GIDAY, a minor, by and through his guardians and natural parents, Weldesamuel Gebremedhin and Terhas Desta,

    Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

    Defendant.

**ORDER DENYING DISMISSED THIRD-PARTY DEFENDANTS' MOTIONS FOR ATTORNEY FEES**

This matter is before the Court on two motions for attorney fees brought by dismissed Third-Party Defendants Special Kids, Special Families, Inc. ("SKSF"), Granite State Insurance Company ("GSIC"), and National Union Fire Insurance Company of Pittsburgh ("NUFIC"). (Doc. ## 178, 180). Because the Court finds that the third-party complaint was not primarily an action in tort, the motions for fees are denied.

**I. BACKGROUND**

The factual and procedural history of this case is fully set forth in the Court's Order dismissing Defendant/Third-Party Plaintiff American Family Mutual Insurance Company's ("American Family") third-party complaint, which is incorporated herein by reference. (Doc. # 177.)

On May 12, 2014, American Family filed an amended third-party complaint, alleging claims for declaratory judgment, equitable subrogation, contribution, and breach of the covenant of good faith and fair dealing against GSIC and NUFIC and claims for declaratory judgment and subrogation against SKSF. (Doc. # 70 at 23-28.) Pursuant to Fed. R. Civ. P. 12(b)(6), this Court thereafter dismissed the third-party complaint. (Doc. # 177.)

There are now two motions for attorney fees before the Court:

*a)*     *SKSF*

On April 10, 2015, SKSF filed a motion requesting attorney fees pursuant to Colo. Rev. Stat. § 13-17-201. (Doc. # 178.) Pursuant to D.C.COLO.LCivR 54.3, SKSF attorney Michael L. Hutchinson attached to the motion an affidavit concerning the reasonableness of his requested fees and comprehensive billing statements. (Doc. ## 178-1, 178-2, 178-3, 178-4.) On May 22, 2015, American Family responded to the motion, arguing that SKSF was not entitled to fees. (Doc. # 199.) SKSF thereafter replied. (Doc. # 211.)

*b)*     *GSIC and NUFIC*

On April 10, 2015, GSIC and NUFIC filed a motion requesting attorney fees pursuant to Colo. Rev. Stat. § 13-17-201.[1] (Doc. # 180.) Pursuant to D.C.COLO.LCivR 54.3, GSIC and NUFIC attorney Lisa F. Mickley attached to the motion an affidavit

---

[1] GSIC and NUFIC initially requested fees pursuant to Colo. Rev. Stat. § 13-17-201, Colo. Rev. Stat. § 13-17-102, Fed. R. Civ. P. 11, and 28 U.S.C. § 1987. (Doc. # 180 at 6.) In their reply, GSIC and NUFIC asked this Court to award fees pursuant solely to Colo. Rev. Stat. § 13-17-201, withdrawing their request for fees "based on any other applicable statute, rule, or principle of law." (Doc. # 214 at 3.)

concerning the reasonableness of her requested fees and a comprehensive billing statement. (Doc. ## 180-1, 180-2.) On May 22, 2015, American Family responded to the motion, arguing that GSIC and NUFIC were not entitled to fees or, in the alternative, that the fees were excessive and unreasonable. (Doc. # 200.) GSIC and NUFIC thereafter replied. (Doc. # 214.)

## II. DISCUSSION

Colo. Rev. Stat. § 13-17-201 requires a trial court to award reasonable attorney fees to a defendant when it dismisses a tort action pursuant to Colo. R. Civ. P. 12(b). The statute provides:

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action. This section shall not apply if a motion under rule 12(b) of the Colorado rules of civil procedure is treated as a motion for summary judgment and disposed of as provided in rule 56 of the Colorado rules of civil procedure.

Although § 13-17-201 only applies, on its face, to dismissals pursuant to "rule 12(b) of the Colorado rules of civil procedure," the statute has been interpreted to apply to the dismissal of state claims in federal court under Fed. R. Civ. P. 12(b). *Shrader v. Beann*, 503 Fed. Appx. 650, 655 (10th Cir. 2012). A federal court hearing a case rooted in diversity applies the substantive law of the forum state. Jones v. Denver Post Corp., 203 F.3d 748, 757 (10th Cir. 2000). Statutes relating to attorney fees are substantive law in the Tenth Circuit. Id.

"Colorado courts have held that where a complaint alleges both tort and non-tort claims, attorney's fees should be granted under section 13-17-201 'if the action is primarily a tort action.'" *Checkley v. Allied Prop. & Cas. Ins. Co.*, No. 14-1482, 2016 WL 66058, at *5 (10th Cir. Jan. 6, 2016) (citing *U.S. Fax Law Ctr., Inc. v. Henry Schein, Inc.*, 205 P.3d 512, 517–18 (Colo.App.2009)). Where a motion for attorney fees is brought by a dismissed third-party defendant, courts evaluate the claims in the third-party complaint, not the claims in the underlying suit. *See, e.g., Pension Benefit Guar. Corp. v. Endodontic Specialists of Colorado, P.C.*, No. 14-CV-01163-RPM, 2014 WL 5465307, at *1 (D. Colo. Oct. 28, 2014); *Colorado Special Districts Prop. & Liab. Pool v. Lyons*, 277 P.3d 874, 885 (Colo. App. 2012); *Sotelo v. Hutchens Trucking Co.*, 166 P.3d 285, 287 (Colo. App. 2007). In determining if an action is "primarily a tort action," Colorado courts have asked "whether the essence of the action was one in tort . . . ." *Castro v. Lintz*, 338 P.3d 1063, 1068 (Colo.App.2014). One Colorado court adopted "the 'predominance' test, assessing whether the 'essence of the action' is tortious in nature (whether quantitatively by simple number of claims or based on a more qualitative view of the relative importance of the claims) or not." *Gagne v. Gagne*, 338 P.3d 1152, 1168 (Colo.App.2014) (internal quotation and citation omitted).

    a)    SKSF

In this case, the third-party complaint brought claims for (1) declaratory judgment and (2) subrogation against SKSF. This Court indulges the obvious by

noting that an action for declaratory judgment is a statutory remedy not rooted in tort. *See* 28 U.S.C. § 2201; Fed. R. Civ. P. 57. Subrogation is "traditionally an equitable remedy, which, by contract, can also occur at law." *American Family Mut. Ins. Co. v. Dewitt*, 218 P.3d 318, 323 (Colo. 2009). "It is a form of restitution, an equitable principle that seeks to prevent a defendant from obtaining unjust enrichment." *Id*. SKSF endeavors mightily to recast American Family's claim for subrogation as a tort claim for vicarious liability arising from an injury in the underlying lawsuit, (Doc. # 211 at 3), but a court applying § 13-17-201 cannot recharacterize a plaintiff's claims. *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1008 (Colo. 2008); *see also Kennedy v. King Soopers Inc.*, 148 P.3d 385, 388 (Colo.App.2006) (noting that for the purpose of § 13-17-201, courts must rely on plaintiff's characterization of the claims in the complaint and should not consider what should or might have been pleaded). Because claims for declaratory judgment and subrogation are, respectively, statutory and equitable remedies not rooted in tort, the "essence" of American Family's third-party action against SKSF was not tortious in nature. SKSF is therefore not entitled to fees pursuant to § 13-17-201.

    b)    *GSIC and NUFIC*

With respect to GSIC and NUFIC, the third-party complaint brought claims for (1) declaratory judgment, (2) equitable subrogation, (3) contribution, and (4) breach of the covenant of good faith and fair dealing. For the reasons discussed *supra*, claims for declaratory judgment and equitable subrogation do not sound in

tort. Like subrogation, contribution is an equitable remedy designed to apportion loss between two or more persons liable for harm caused to a third party, not a tort claim. *Daybreak Const. Specialties, Inc. v. Saghatoleslami*, 712 P.2d 1028, 1034 (Colo. App. 1985).

Colorado courts have recognized that a party to an insurance contract may recover in tort for a breach of the covenant of good faith and fair dealing. *Decker v. Browning-Ferris Indus. of Colorado, Inc.*, 931 P.2d 436, 443 (Colo. 1997). There is, however, no controlling authority on whether Colorado recognizes a duty of good faith and fair dealing owed by a primary insurer to an excess insurer. The majority of jurisdictions have declined to extend the duty beyond the parties to an insurance contract.[2]

Even if the claim for breach of the covenant of good faith and fair dealing is construed as an action in tort, it is apparent that the substantial predicate of the claims against GSIC and NUFIC—the "essence of the action"—is rooted in the equitable remedies of subrogation and contribution. Because the claims against

---

[2] *See Twin City Fire Ins. Co. v. Country Mut. Ins. Co.*, 23 F.3d 1175, 1178 (7th Cir. 1994) (noting that just a "handful of cases from New York and New Jersey" "hint" that a primary insurer owes an excess insurer a duty of care, while "the overwhelming majority of American cases describe the duty that a primary insurer owes an excess insurer as one derivative from the primary insurer's duty to the insured," citing cases); *Truck Ins. Exch. of Farmers Ins. Grp. v. Century Indem. Co.*, 887 P.2d 455, 460 (Wash. Ct. App. 1995) ("While most courts have adopted the theory of equitable subrogation, only a minority have found the primary insurer owes a direct duty of good faith to the excess insurer."); 28 Am.Jur. Proof of Facts 3d 507 § 14 (2011) (noting that, while "[i]n a few jurisdictions, an excess insurer may directly pursue an action against a primary insurer for a breach of a duty owed to the excess insurer, . . . [m]ost courts that have been asked to determine if there is a direct duty of a primary insurer to an excess insurer (or a direct cause of action) have rejected the idea that there is such a duty").

GSIC and NUFIC do not constitute an action brought primarily in tort, fees pursuant to § 13-17-201 are inappropriate.

## II. **CONCLUSION**

For the foregoing reasons, it is ORDERED that SKSF's Motion for Attorney Fees (Doc. # 178) and GSIC and NUFIC's Motion for Attorney Fees (Doc. # 180) are DENIED.

DATED: February 24, 2016

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge